# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:09-CR-00009-017-RC |
| v. § | |
| § | |
| § | |
| § | |
| CHARLES DAVID CHRISTINE § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 6, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Charles David Christine. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by attorney Greg Waldron.

Defendant originally pled guilty to the offense of Use and Carrying of a Firearm During a Drug Trafficking Crime, a Class A felony. The offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of N/A and a criminal history category of III, was 60 to 60 months. On November 10, 2009, District Judge Leonard Davis sentenced Defendant to 60 months imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On May 21, 2013, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to (1) refrain from excessive use of alcohol and from purchasing, possessing, using, distributing, or administering

1

any narcotic or controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (2) participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until released from the program by the probation officer; (3) participate, under the guidance and direction of the U.S. Probation Office, in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (4) reside in a residential reentry center or similar facility, in a community confinement component for a period of 180 days, abiding by the rules and regulations of the center and paying subsistence to the community corrections center or the community sanctions center.

In its petition, the government alleges that Defendant violated his conditions of supervised release when he tested positive for methamphetamine on September 5, 2013, June 10, 2016, and June 21, 2016; tested positive for marijuana on June 2, 2015; failed on 26 occasions during 2016 to submit a urine specimen for drug testing analysis; failed to attend substance abuse treatment on June 9, 2016 and September 8, 2016; failed to attend mental health treatment on September 14, 2016; and was unsuccessfully discharged from the community corrections center on October 6, 2014. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed agreed to recommend to the Court a sentence of 14 months to include the 21 days of unserved community confinement with no term of supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Charles David Christine be committed to the custody of the Bureau of Prisons for a term of imprisonment of 14 months to include the 21 days of unserved community confinement with no term of supervised release to follow. This sentence is to run concurrently with any sentence that will be imposed in Case No. 6:17-CR-00043.

**So ORDERED and SIGNED this 6th day of June, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE